# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WALTON,<br><br>   Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:08-cv-00754-GSA PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR CLASS CERTIFICATION, AND DENYING MOTION FOR ORDER MANDATING RETURN OF LEGAL PROPERTY (Docs. 5 and 19)<br><br>ORDER STRIKING LETTERS FILED BY NON-PARTIES (Docs. 14 and 15)<br><br>ORDER DISREGARDING PLAINTIFF'S LETTERS<br><br>(Docs. 6-12, 16-18, and 20-25)<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT<br><br>(Doc. 1) |

  Plaintiff Charles Walton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated in the Northern District of California by a letter to the Honorable Thelton E. Henderson, filed June 20, 2007. The case was transferred to this Court by order filed May 28, 2008. Pending are several unresolved motions plus a multitude of letters sent to the Clerk's Office of the Northern District by Plaintiff. In addition, because this case was opened based on Plaintiff's letter, there is no proper complaint on file.

///

## I. Motion for Counsel

Plaintiff requested the appointment of counsel in a motion filed on September 14, 2007. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. <u>See</u> <u>Rand</u>, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel is denied.

## II. Motion for Class Certification

In his motion filed on September 14, 2007, Plaintiff seeks certification of this litigation as a class action. However, Plaintiff is not an attorney and is proceeding without counsel. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. <u>Fymbo v. State Farm Fire & Casualty Co.</u>, 213 F.3d 1320, 1321 (2000); <u>Johns v. County of San Diego</u>, 114 F.3d 874, 876 (9th Cir. 1997); <u>C. E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); <u>Fymbo</u>, 213 F.3d at 1321. Therefore, this action will be construed as an individual civil suit brought by Plaintiff rather than as a class action.

## III. Motion for Order Mandating Return of Legal Property

On April 28, 2008, Plaintiff filed a motion seeking a court order mandating the return of his property, which was confiscated on April 2, 2008, when Plaintiff was assigned to Administrative Segregation. The Court has limited jurisdiction to issue orders against prison officials and the type of order sought by Plaintiff does not fall within this limited jurisdiction. 18 U.S.C. § 3626(a)(1)(A);

1  City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Jones v. City of Los
2  Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006); Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir.
3  2001). Because the filing of this action confers upon the Court no jurisdictional basis to issue the
4  order sought by Plaintiff, Plaintiff's motion is denied.

**IV.     Letters**

Between the dates of September 26, 2007 and May 21, 2008, during which time this action was pending in the Northern District, Plaintiff sent sixteen letters to the court, and two non-parties each sent a letter. If Plaintiff wishes to request relief from the Court to which he is legally entitled, he must file a motion in the case. Letters to the Clerk of the Court are not the appropriate method to obtain relief. Further, the Clerk's Office cannot respond to individual questions or comments such as those formulated in many of Plaintiff's letters. Based on a review of the record, it does not appear that the Northern District responded to or otherwise addressed the letters. Therefore, Plaintiff is notified that his letters are disregarded.

Finally, non-parties may not file documents in this action. While inmates Charles Detzel and Philip J. Greene appear to believe they are parties, Plaintiff Walton is the sole plaintiff in this action. Therefore, Detzel's and Greene's letters shall be stricken.

**V.     Lack of Proper Complaint**

As previously set forth, this action was opened by letter. Due to the lack of a proper complaint on file, there is no identification of the defendants in this action or the relief sought, among other deficiencies. The Clerk's Office shall send Plaintiff a complaint form, and he shall fill it out and file it within thirty days. The failure to comply will result in dismissal of this action.

**VI.     Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed September 14, 2007, is DENIED;

2. Plaintiff's motion for certification of this action as a class action, filed September 14, 2007, is DENIED;

///

3. Plaintiff's motion seeking a court order mandating the return of his property, filed April 28, 2008, is DENIED;

4. The letter filed by non-party Charles Dretzel on March 19, 2008, and the letter filed by non-party Philip J. Greene on March 20, 2008, are STRICKEN;

5. Plaintiff's letters are DISREGARDED (documents 6-12, 16-18, and 20-25);

6. The Clerk's Office shall send Plaintiff a civil rights complaint form;

7. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file the form complaint; and

8. The failure to comply with this order will result in dismissal of this action

IT IS SO ORDERED.

Dated:   **June 6, 2008**          /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE