# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WALTON, | CASE NO. 1:08-cv-00754-LJO-GSA PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF  EITHER TO FILE SECOND  AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (DOC. 34) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

## Screening Order

### I.    Screening Requirement

Plaintiff Charles Walton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  This action was initiated in the Northern District of California by a letter to the Honorable Thelton E. Henderson, filed June 20, 2007.  The case was transferred to this Court by order filed May 28, 2008.  The Court denied Plaintiff's motion for appointment of counsel and class certification, struck two letters sent in by non-parties, disregarded sixteen letters sent in by Plaintiff, and ordered Plaintiff to file an amended complaint on June 6, 2008.  Plaintiff filed his amended complaint on June 30, 2008.

///

---

[1]Although the complaint is signed by three prisoners and purports to be filed on behalf of even more prisoners, Plaintiff has already been informed that this action is being treated as an individual suit by Plaintiff.  (Doc. 30.)

1

1   The Court is required to screen complaints brought by prisoners seeking relief against a

2   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

4   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

5   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

6   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

7   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

8   appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

9   1915(e)(2)(B)(ii).

10   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

11   exceptions," none of which applies to this action.  Swierkiewicz v. Sorema N. A., 534 U.S. 506,

12   512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

13   plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P.

14   8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

15   and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal

16   pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490

17   U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

18   essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

19   122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

20   1982)).

21   **II.    Plaintiff's Complaint**

22          **A.    Summary of Complaint**

23   Plaintiff alleges that extreme overcrowding at Avenal State Prison ("ASP") has led to

24   unsanitary conditions of confinement in violation of the Eighth Amendment, the Fourteenth

25   Amendment, and state tort law.  Specifically, the overcrowding has led to constantly overflowing

26   toilets, adversely impacting Plaintiff and other prisoners.[2]

27   _____

28          [2]Plaintiff was transferred from ASP to Salinas Valley State Prison in September of 2008.

2

1

**B.      Eighth Amendment: Unsanitary Conditions of Confinement**

2       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

3  conditions must involve "the wanton and unnecessary infliction of pain . . . ." <u>Rhodes v.</u>

4  <u>Chapman</u>, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh,

5  prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

6  personal safety. <u>Id.</u>; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v.</u>

7  <u>Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982).  The Ninth Circuit has found that "subjection of a

8  prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within

9  the meaning of the Eighth Amendment." <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1314 (9th

10  Cir. 1995).

11       Where a prisoner alleges injuries stemming from unsafe conditions of confinement,

12  prison officials may be held liable only if they acted with "deliberate indifference to a substantial

13  risk of serious harm." <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate

14  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

15  must be, in objective terms, "sufficiently serious . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834

16  (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).  Second, the prison official must

17  "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." <u>Farmer</u>, 511 U.S. at

18  837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane

19  conditions of confinement only if he knows that inmates face a substantial risk of harm and

20  disregards that risk by failing to take reasonable measures to abate it. <u>Id.</u> at 837-45.  Prison

21  officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by

22  presenting evidence of a reasonable, albeit unsuccessful, response to the risk. <u>Id.</u> at 844-45.

23  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather,

24  the official's conduct must have been wanton. <u>Id.</u> at 835; <u>Frost</u>, 152 F.3d at 1128.

25       Plaintiff's allegations are sufficient to state an Eighth Amendment claim against

26  Defendants L. Ochoa, Associate Warden of ASP, P. Meyers, Plant Manager of ASP, D. Chaffer,

27  Plant Supervisor at ASP, D. Tunge, Plant Supervisor at ASP, and the following ASP officials:

28  D. Clendaniel, M. Miller, R. Lambert, J. Haley, Arline, M. Contreras, and J. DonDiego.

**C.      Procedural Due Process**

Plaintiff also alleges that Defendants violated Plaintiff's right to procedural due process by depriving him of a liberty interest without due process.  Plaintiff appears to allege that he has a constitutionally protected liberty interest in hygiene.  Hygiene does not constitute a protected liberty interest, and the claim fails as a matter of law.  <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).  Furthermore, Plaintiff's allegations are explicitly governed by the Eighth Amendment which precludes Plaintiff from pursuing a substantive due process claim.  <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 843 (1998).

**D.      State Law Negligence**

Plaintiff also alleges negligence by Defendants.  Before Plaintiff can file suit for negligence under state law against the a public entity or its employees, California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  <u>State v. Superior Court of Kings County (Bodde)</u>, 32 Cal.4th 1234, 1245 (2004); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  <u>State v. Superior Court</u>, 32 Cal.4th at 1245; <u>Mangold</u>, 67 F.3d at 1477; <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff fails to allege compliance with the California Tort Claims Act by presenting his claim to the California Victim Compensation and Government Claims Board.  Thus, his state law claim fails as a matter of law.

**E.      Claim Against Gausewitz, Tilton, Hartley, Weinstein, Brown, and Schwarzenegger**

Plaintiff names W. Gausewitz, Director of the Department of Corrections and Rehabilitation ("CDCR"), J. Tilton, Secretary of CDCR, J. Hartley, Warden of ASP, Dr. Erica Weinstein, Chief Medical Officer of ASP, Edmund G. Brown, California Attorney General, and

1   Arnold Schwarzenegger, Governor of California as defendants.  Under section 1983, Plaintiff is

2   required to show that Defendants (1) acted under color of state law, and (2) committed conduct

3   which deprived Plaintiff of a federal right.  Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007).

4   "A person deprives another of a constitutional right, where that person 'does an affirmative act,

5   participates in another's affirmative acts, or omits to perform an act which [that person] is legally

6   required to do that causes the deprivation of which complaint is made.'"  Id. at 988 (quoting

7   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be

8   established not only by some kind of direct, personal participation in the deprivation, but also by

9   setting in motion a series of acts by others which the actor knows or reasonably should know

10  would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

11  Plaintiff fails to allege any facts demonstrating that Defendants Gausewitz, Tilton, Hartley,

12  Weinstein, Brown and Schwarzenegger committed any conduct which deprived Plaintiff of his

13  constitutional rights.  Accordingly, he fails to state any claim against Defendants Gausewitz,

14  Tilton, Hartley, Weinstein, Brown and Schwarzenegger.

15          **F.      Equitable Relief Claims for Official Capacity Claims**

16          When a prisoner seeks injunctive or declaratory relief concerning the prison where he is

17  incarcerated, his claims for such relief become moot when he is no longer subject to those

18  conditions.  Nelson v. Heiss, 277 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365,

19  1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Because Plaintiff is

20  no longer housed at ASP, his equitable relief claims are moot, and this action shall proceed as

21  one for damages only.  Furthermore, because Plaintiff may not seek money damages from state

22  officials in their official capacities, only individual capacity claims are permissible in this action.

23  Hydrick, 500 F.3d at 986-87.

24  **III.    Conclusion and Order**

25          Plaintiff's amended complaint states an Eighth Amendment for unsafe conditions of

26  confinement against Defendants Ochoa, Meyers, Chaffer, Tunge, Clendaniel, Miller, Lambert,

27  Haley, Arline, Contreras, and DonDiego .  However, complaint does not state any other

28  cognizable claims.  The Court will provide Plaintiff with the opportunity to file a second

1  amended complaint curing the deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>,

2  809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

3  adding new, unrelated claims in his second amended complaint.  <u>George v. Smith</u>, 507 F.3d 605,

4  607 (7th Cir. 2007) (no "buckshot" complaints).

5        If Plaintiff does not wish to file a second amended complaint and is agreeable to

6  proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the

7  Court in writing, and the Court will issue a recommendation for dismissal of the other claims and

8  defendants, and will forward Plaintiff eleven summonses and eleven USM-285 forms for

9  completion and return.  Upon receipt of the forms, the Court will direct the United States

10  Marshal to initiate service of process.

11        If Plaintiff opts to amend, his second amended complaint should be brief, Fed. R. Civ. P.

12  8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

13  constitutional or other federal rights, <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true,

14  the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative

15  level . . . . " <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

16        Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

17  <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567

18  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

19  pleading," E.D. Cal. R. 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

20  original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d

21  at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u>

22  <u>Forsyth</u>, 114 F.3d at 1474.

23        Based on the foregoing, it is HEREBY ORDERED that:

24        1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

25        2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must

26                either:

27                a.      File a second amended complaint curing the deficiencies identified by the

28                        Court in this order, or

6

b.     Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Ochoa, Meyers, Chaffer, Tunge, Clendaniel, Miller, Lambert, Haley, Arline, Contreras, and DonDiego on his Eighth Amendment claim for unsafe conditions of confinement; and

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**     **February 3, 2009**               **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE